UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRIET HAREWOOD,

                Plaintiff,

           -v.-

NEW YORK CITY DEPARTMENT OF EDUCATION, ROBERT MERCEDES AND ANDREA VARONA, *in their individual and official capacities*,

                Defendants.

18 Civ. 5487 (KPF)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Harriet Harewood brought this action against her former employers, the New York City Department of Education ("DOE"), Robert Mercedes, and Andrea Varano, the latter two of which are the Principal and Assistant Principal of Middle School 390 ("MS 390"), respectively. Pursuant to a referral from this Court, United States Magistrate Judge Katharine H. Parker issued a 26-page Report and Recommendation dated May 8, 2019 (the "Report"), recommending that Plaintiff's claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-131, as well as her claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, be dismissed with prejudice, and, further, recommended that Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, be dismissed without prejudice. (Dkt. #37). Judge Parker recommended that

Plaintiff be permitted to file an amended pleading by no later than June 14, 2019. The Court has examined the Report and notes that no party has objected within the fourteen-day period from the service of the Report and Recommendation, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure

**BACKGROUND**

This summary draws its facts from the detailed recitation in the Report. (*See* Report 2-5). Plaintiff, a 57-year-old African American woman, worked as an art teacher at MS 390 until her retirement in June 2017. (*Id.* at 2). She alleges that her retirement was a constructive discharge due to race and/or age discrimination. (*Id.*). Plaintiff argues that the individual defendants discriminated against older and/or black teachers in favor of younger and/or Hispanic teacher. (*Id.* at 3). Specifically, she alleges numerous efforts to impede her teaching, including negative evaluations, taking away extra paid-work opportunities, denying her supplies, and failing to respond to her medical needs. (*Id.* at 3-4). Plaintiff also alleges that she was the subject of a pretextual investigation regarding accusations of corporal punishment and improper negative ratings, and she responded with a grievance. (*Id.* at 4-5).

Plaintiff alleges that she took a leave of absence due to stress between May 28, 2017, and June 14, 2017, and received another improper disciplinary letter when she returned. (Report 5). Plaintiff retired at the end of the 2016-17 school year, and alleges that she was forced out by the harassment and discrimination of the Individual Defendants. (*Id.*).

On July 11, 2017, Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights, alleging discrimination based on race and age in violation of the NYSHRL and the NYCHRL. (Report 2). She simultaneously filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.*). On January 3, 2018, the Division of Human Rights issued a Determination and Order After Investigation finding no probable cause to believe that the DOE had engaged in or was engaging in unlawful race and age discrimination against Plaintiff. (*Id.*). Plaintiff did not appeal that determination. On April 17, 2018, the EEOC adopted the finding and mailed Plaintiff a Notice of Right to Sue. (*Id.*). Plaintiff then filed this Complaint in the instant action on June 18, 2018, within the allotted time of 90 days after receiving the Notice of Right to Sue. (*Id.*). Defendants moved to dismiss the complaint on September 21, 2018. (*Id.*).

On April 11, 2019, this Court referred the case to Magistrate Judge Katharine H. Parker. (Dkt. #29). Judge Parker issued the Report on May 8, 2019, recommending that Plaintiff's claims under the NYSHRL and the NYCHRL, as well as her claims under Sections 1981 and 1983, be dismissed with prejudice. Judge Parker then recommended that Plaintiff's claims under Title VII and the ADEA be dismissed without prejudice and that Plaintiff be permitted to file an amended pleading by no later than June 14, 2019. (Report 25-26).

Judge Parker found that the Section 1981 claim was foreclosed as a matter of law, as the statute does not provide a right of action against state

actors, and that the Section 1983 claim was barred, as Plaintiff failed to assert that DOE had a policy of discrimination, harassment, and retaliation. (Report 22-24). Judge Parker found the state-law claims were barred by the election of remedies doctrine. (*Id.* at 24-25).

Judge Parker found that Plaintiff's Title VII and ADEA claims were not time-barred. (Report 7-9). However, Judge Parker concluded that the Plaintiff had failed sufficiently to plead that Defendants created a hostile work environment, engaged in age or national origin disparate treatment discrimination, or engaged in illegal retaliation. (*Id.* at 9-21). Judge Parker recommended that these claims be dismissed without prejudice, and that Plaintiff be given the opportunity to file an amended complaint to plead these allegations with greater particularity. (*Id.*).

## DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully,* 892 F.2d 16, 19 (2d Cir. 1989). A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed.'" *Easley* v. *Cromartie,* 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

4

The Federal Rules of Civil Procedure provide the parties fourteen days to file written objections to a report and recommendation. 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). Objections were therefore due on or before May 22, 2019, and as of May 28, 2019, neither Plaintiff nor Defendants have raised any objection to the Report's conclusions.

## CONCLUSION

The Court has thus reviewed the Report for clear error and finds none. The Court agrees completely with Judge Parker's thoughtful and well-reasoned Report and hereby adopts its reasoning by reference. Plaintiff's claims under the NYSHRL and the NYCHRL, as well as her claims under Sections 1981 and 1983, are hereby dismissed with prejudice. Plaintiff's claims under Title VII and the ADEA are hereby dismissed without prejudice, and Plaintiff shall be permitted to file her amended complaint on or before June 14, 2019. The Clerk of Court is directed to terminate the motion at docket entry 19.

SO ORDERED.

Dated: May 29, 2019
       New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge