18 Civ. 5487 (KPF)(KHP)

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

HARRIET HAREWOOD,

                                      Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION; ROBERT MERCEDES, in his Capacity as PRINCIPAL OF MIDDLE SCHOOL 390 and INDIVIDUALLY; ANDREA VARONA, in her Capacity as ASSISTANT PRINCIPAL OF MIDDLE SCHOOL 390 and INDIVIDUALLY,

                                      Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

# JAMES E. JOHNSON

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-138
New York, New York 10007-2601
Tel: (212) 356-1654

Of Counsel:   Isaac S. Baskin

Matter No.: 2018-048112

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ i

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

POINT I ........ 3

ALL OF PLAINTIFF'S ALLEGATIONS PRIOR TO SEPTEMBER 2016 ARE TIME-BARRED AND MUST BE DISMISSED. ........ 3

POINT II ........ 4

PLAINTIFF FAILS TO RAISE A TRIABLE ISSUE OF FACT CONCERNING HER DISCRIMINATION CLAIMS. ........ 4

A. Plaintiff's Counterstatement Of Facts Fails To Raise A Triable Issue Of Fact ........ 4

B. Disparate Treatment – No Inference Of Discriminatory Animus ........ 5

C. Disparate Treatment – No Pretext Established ........ 8

D. Hostile Work Environment And Constructive Discharge Claims. ........ 9

POINT III ........ 10

NO TRIABLE ISSUES OF FACT FOR ANY OF PLAINTIFF'S RETALIATION CLAIMS. ........ 10

CONCLUSION ........ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Alston v. Microsoft Corp., No. 08 Civ. 3547, 2009 U.S. Dist. LEXIS 39662, at
      *19 (S.D.N.Y. Apr. 27, 2009)...................................................................................................3

Feldman v. Looms, No. 98 Civ. 9680, 1999 U.S. App. LEXIS 25092 at *6-7
      (S.D.N.Y. Oct. 4, 1999) .........................................................................................................7

Flores v. Entergy Nuclear Operations, Inc., 768 Fed. App'x 139, 140 (2d Cir.
      2019) ...................................................................................................................................... 3

Forsyth v. Fed'n Empl. & Guidance Serv., 409 F.3d 565, 573-74 (2d Cir. 2005) ...........................5

Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000) .........................................................6

Harewood v. New York City Dep't of Educ., No. 18 Civ. 5487 (KPF)(KHP),
      2019 U.S. Dist. LEXIS 78872 at *28 (S.D.N.Y. May 8, 2019)...........................................10

Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008) ......................................................3, 9

Isbell v. City of New York, 316 F. Supp. 3d 571, 591-92 (S.D.N.Y. 2018) ....................................9

Littlejohn v. City of New York, 795 F.3d 297, 321 (2d Cir. 2015)..................................................9

Lipton v. Cnty of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004).........................................10

Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir.
      2008) ..................................................................................................................................3, 9

McPherson v. N.Y. Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006)...................................... 8-9

Preuss v. Kolmar, 970 F. Supp. 2d 171 (S.D.N.Y. 2013)..............................................................10

Richardson v. Newburgh, 984 F. Supp. 735, 744 (S.D.N.Y. 1997) ................................................7

Russell v. Aid to Developmentally Disabled, Inc., 753 Fed. App'x 9, 13 (2d Cir.
      2018) ......................................................................................................................................6

**Statutes**

Age Discrimination in Employment Act of 1967................................................................. *passim*

N.Y. Educ. L. § 3020-a .................................................................................................................10

Title VII of the Civil Rights Act of 1964............................................................................. *passim*

**PRELIMINARY STATEMENT**

Plaintiff, a former teacher employed by the New York City Department of Education ("DOE"), brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"), alleging that she was discriminated against based on her race (Black) and her age (then 56), and that she was subject to retaliation, all of which compelled Plaintiff to retire in June, 2017.[1]

On May 22, 2020, Defendants moved for summary judgment to dismiss the Second Amended Complaint ("SAC"), for the following reasons: (1) the majority of Plaintiff's claims are time-barred; (2) Plaintiff fails to establish a prima facie case of discrimination or hostile work environment and even if she has established such a case, Defendants' actions are supported by legitimate, non-discriminatory reasons and are not pretextual; (3) Plaintiff's constructive discharge claims are barred as a matter of law; and (4) Plaintiff cannot establish a prima facie case of retaliation or that Defendants' proffered legitimate, non-discriminatory reasons are pretextual. See Def. MOL.

On June 30, 2020, Plaintiff opposed Defendants' motion and argued in entirely conclusory fashion that: (1) all of her untimely claims should be deemed timely as they are part of her "relentless hostile work environment"; (2) she has established prima facie cases of race and age discrimination and hostile work environment; (3) Defendants' legitimate business reasons for issuing Plaintiff negative performance evaluations and letters to file are really pretext for

---

[1] As used in this memorandum, "Baskin Decl." refers to the Declaration of Isaac S. Baskin, ECF Dkt No. 76; "Def. 56.1" refers to Defendants' Rule 56.1 of Undisputed Material Facts, ECF Dkt No. 75; and "Def. MOL" refers to Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, ECF Dkt No. 73. All references to "Pl. 56.1" are to Plaintiff's Counterstatement of Material Facts and Response to Def. 56.1, ECF Dkt. No. 77, and all references to "Pl. Memo" are to Plaintiff's Memorandum of Law in Opposition to Defendants' Summary Judgment Motion, ECF Dkt No. 79.

discrimination; and (4) she has established an issue of fact concerning her retaliation claims as she received disciplinary notices almost one year *after* she filed her discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("SDHR"). See Pl. Memo. Defendants now reply.

First, Plaintiff fails to cite to a single case that would make her time-barred claims timely. Plaintiff cannot, as a matter of law, rely on her own conclusory allegations to transform the untimely, discrete acts she complains of into actionable allegations by simply casting them as hostile work environment claims.

Next, Plaintiff's discrimination and hostile work environment claims fail as Plaintiff has not established that any of the alleged adverse actions occurred due to her race or age. Plaintiff's allegations, without any case law or evidence in support, do not show that Plaintiff was treated dissimilarly to any other employee, much less, that she was treated less favorably than any younger, Hispanic employee. Nor do these classroom observation reports and letters to file meet the severe or pervasive standard necessary to establish her hostile work environment claims.

Further, Plaintiff's attempt to establish pretext is grossly insufficient as she merely states her subjective belief that her own actions did not warrant negative performance ratings and letters to her file. Such conclusory allegations are insufficient to establish the requisite pretext.

Finally, Plaintiff's retaliation claims fail as the alleged disciplinary notices had no effect on Plaintiff's future employment. Also, one year between engagement in a protected activity and an alleged adverse action is far too attenuated to establish the necessary causal connection for Plaintiff's retaliation claims, as a matter of law.

Accordingly, Defendants' motion for summary judgment should be granted.

- 3 -

## ARGUMENT

### POINT I

### ALL OF PLAINTIFF'S ALLEGATIONS PRIOR TO SEPTEMBER 2016 ARE TIME-BARRED AND MUST BE DISMISSED.

It is axiomatic that "a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008); Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008). Plaintiff concedes in her opposition that the alleged adverse actions that occurred prior to September 2016 are not timely. See Pl. Memo at 20. Yet, she argues that her untimely allegations somehow become timely as they show a "relentless hostile work environment." Id.  Plaintiff does not cite to any record evidence demonstrating a "relentless" or ongoing patter of discriminatory conduct, or any case law in support of this proposition. Id.  Therefore, all of Plaintiff's allegations concerning events that occurred prior to September 14, 2016, are time barred and must be dismissed. See Alston v. Microsoft Corp., No. 08 Civ. 3547, 2009 U.S. Dist. LEXIS 39662, at *19 (S.D.N.Y. Apr. 27, 2009)(Rejecting plaintiff's attempt to cast discrete acts as part of a hostile work environment, and holding that "[t]here is a lack of continuity…between the alleged acts of hostility at work and the termination of his employment.").

Finally, although she does not make this argument, the continuing violation exception is of no avail here, as that doctrine "applies only where a plaintiff alleges an **ongoing policy** of related discrimination, rather than cases of *discrete* acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period." Flores v. Entergy Nuclear Operations, Inc., 768 Fed. App'x 139, 140 (2d Cir. 2019)(internal citations omitted). As noted above, there is no evidence that the alleged

discrete acts were part of any ongoing discriminatory policy. Thus, Plaintiff's pre-September 14, 2016 claims must be dismissed as time-barred.

## POINT II

### PLAINTIFF FAILS TO RAISE A TRIABLE ISSUE OF FACT CONCERNING HER DISCRIMINATION CLAIMS.

**A. Plaintiff's Counterstatement Of Facts Fails To Raise A Triable Issue Of Fact**

In her counterstatement to Defendants' Rule 56.1 Statement, Plaintiff includes 26 immaterial, time-barred, and unsupported new paragraphs. See Pl. 56.1, ¶¶ 164-190. Seven of these paragraphs are immaterial. Id., ¶¶ 164, 166-67, 171-72, 186, 190. Another 8 paragraphs concern allegations that are time-barred as they concern alleged events from 2012 and 2015. Id., ¶¶ 170 (2015), 175-76 (2015), 180 (2012), 182-83 (2015), 188-189 (2015). For the purposes of this motion, paragraphs 173 and 174 are undisputed and paragraph 179 is undisputed as to Plaintiff's two-week medical leave. The remaining paragraphs raise allegations that are not supported by the record.

First, Plaintiff claims that Principal Mercedes forced two "teachers," Juanita Murray and Steven Bernstein, both allegedly non-Hispanic, to retire. Pl. 56.1, ¶ 169. However, Plaintiff testified that Ms. Murray was a social worker, not a teacher, and Plaintiff was unaware of any specific actions Principal Mercedes took against Ms. Murray or Mr. Bernstein to allegedly force them to leave the school. See Transcript of the Deposition of Plaintiff, Baskin Decl., Ex. C ("Pl. Dep."), 103:15-105:23, 142:1-9.

Next, Plaintiff lists three teachers that allegedly were Black and also pushed out of M.S. 390. Pl. 56.1, ¶ 177. One of whom is Ms. Kisha Rios, who Plaintiff testified identifies as "Hispanic of Puerto Rican origin." Pl. Dep., Baskin Decl., Ex. C, 123:3-7. Plaintiff also testified that she was not sure if the Principal met with these teachers and asked them to leave. Id. at 119:9-

120:14. Further, while Plaintiff was replaced by Ms. Soriano, the record shows that Plaintiff was a visual arts teacher and Ms. Soriano became the digital arts teacher. See Transcript of the Deposition of Defendant Robert Mercedes ("Mercedes Dep."), Baskin Decl., Ex. E, 17:23-18:9; Pl. 56.1, ¶ 178.

Finally, Plaintiff complains of losing per session income opportunities during the 2016-17 school year. Pl. 56.1, ¶¶ 181, 184-85. The record shows that Plaintiff was not paid for her after school portfolio work with students since about 2013 and she does not remember asking for this per session pay during the 2016-17 school year. See Pl. Dep., Baskin Decl., Ex. C, 178:7-20, 181:21-24. As explained further below in Point II (B), the evidence also shows that Ms. Ceballos notified Plaintiff of the GEAR-UP program opportunity for the 2016-17 school year, but Plaintiff disregarded this notification. See Email, dated October 27, 2016, Baskin Decl., Ex. R, P008-9. Accordingly, there are no triable issues of fact and this case must be dismissed.

**B.  Disparate Treatment – No Inference Of Discriminatory Animus**

In her opposition, Plaintiff merely outlines the standard for Title VII and ADEA disparate treatment claims and states that she has met them. See Pl. Memo at 21-25. However, "[P]laintiff must provide the trial court with more than [her] own conclusory allegations declaring discrimination was present" to survive a motion for summary judgment. Forsyth v. Fed'n Empl. & Guidance Serv., 409 F.3d 565, 573-74 (2d Cir. 2005). Even considering Plaintiff's conclusory arguments, she still fails to establish a prima facie case of discrimination based on race and age.

First, Plaintiff continues to complain that she was denied the opportunity to participate in the GEAR-UP, per session income program during the 2016-17 school year. See Pl. Memo at 22. However, the evidence clearly establishes that Plaintiff was informed of how to apply for a position in the program, but elected not to pursue it as the program changed from a weekday program to a Saturday program and Plaintiff did not want to work on Saturdays. See Pl. Dep.,

Baskin Decl., Ex. C, 204:6-8, 205:2-5, 207:12-18; see Email, dated October 27, 2016, Baskin Decl., Ex. R, P008-9; Def. 56.1, ¶¶ 102-108. Moreover, it must be noted that two Black teachers who were approximately Plaintiff's age obtained teaching positions in this program during the 2016-17 school year. See Pl. Memo at 22; see Pl. Dep., Ex. C, 205:10-22, 206:7-24, 207:19-208:7. Thus, these specious claims fail to raise and inference of discrimination.

Next, Plaintiff argues that during the 2016-17 school year Principal Mercedes denied Plaintiff's request to work with a small group of five or six students for per session pay due to her race and age. See Pl. Memo at 23. Plaintiff completely ignores that she testified that she does not even "remember if [she] asked Principal Mercedes" for this per session opportunity during the 2016-17 school year. See Pl. Dep., Baskin Decl., Ex. C, 181:21-24. Nevertheless, she points to two Hispanic teachers who allegedly earned per session income in a failed attempt to raise an inference of discrimination. Id.

The standard for raising such an inference of discrimination, "requires a reasonably close resemblance of the facts and circumstances of [the] plaintiff's [and] comparator's cases…" Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000). Plaintiff fails to identify the per session programs these two Hispanic teachers taught and the number of students who attended those programs. Thus, these allegations are insufficient to establish an inference of discrimination as a matter of law. See e.g. Russell v. Aid to Developmentally Disabled, Inc., 753 Fed. App'x 9, 13 (2d Cir. 2018)("An inference of discrimination does not arise here because [Plaintiff] failed to point to any evidence showing that the male comparators' conduct was as extreme as hers.").

Next, Plaintiff complains that Principal Mercedes "mixed up programs," which allegedly led to the Principal misallocating art funding to his "Hispanic cronies." See Pl. Memo at 23. However, Plaintiff testified that the Principal allocated the disputed funds to the music teacher,

- 6 -

who Plaintiff testified identifies as "White." See Pl. Dep., Baskin Decl., Ex. C, 220:14-21. Even assuming, *arguendo*, that Principal Mercedes "mixed up" the allocation of this funding and Plaintiff's race and age played no role in this allocation. See Pl. Memo at 23. "This is the type of groundless speculation that summary judgment is designed to root out." Richardson v. Newburgh, 984 F. Supp. 735, 744 (S.D.N.Y. 1997).

Further, Plaintiff's allegations concerning her elevator key are factually and demonstrably incorrect and fail to raise an inference of discrimination. See Pl. Memo at 24. Principal Mercedes did not single out Plaintiff to return her key; rather, as Plaintiff testified, he made a general announcement that "*anyone* who has an elevator key needs to bring it downstairs right now." See Pl. Dep., Baskin Decl., Ex. C, 258:8-17(emphasis supplied). Nor is there any evidence in support of Plaintiff's new claim that two Hispanic employees were allowed to keep their elevator keys despite the Principal's request to return them. See Pl. Memo at 24-25. Plaintiff's testimony only establishes that these two employees had elevator keys during the 2016-17 school year, but does not mention that they were allowed to keep the keys after Principal Mercedes made his May 2017 announcement. See Pl. Dep., Baskin Decl., Ex. C, 254-255.

Finally, Plaintiff's allegation that the teacher who replaced her was younger and Hispanic, thus raising an inference of age discrimination, is factually incorrect and fails as a matter of law.  The teacher who replaced Plaintiff was a digital art teacher, not a visual art teacher as Plaintiff was. See Mercedes Dep., Baskin Decl., Ex. E, 17:23-18:9. Also, "[t]ypically, younger workers replace older ones; this is an unremarkable phenomenon that does not, in and of itself, prove [age] discrimination." Feldman v. Looms, No. 98 Civ. 9680, 1999 U.S. App. LEXIS 25092 at *6-7 (S.D.N.Y. Oct. 4, 1999). Accordingly, Plaintiff's disparate treatment claims must be dismissed.

### C. Disparate Treatment – No Pretext Established

In her opposition, Plaintiff conclusorily argues that the two negative performance reviews and letter's to her file were pretext for discrimination. See Pl. Memo at 25. In determining pretext Courts are interested in what motivated the employer in taking action, not "the factual validity of the underlying imputation against the employee…" McPherson v. N.Y. Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006). Here, just like in McPherson, Plaintiff argues pretext as she disagrees with the evidence and findings included in these observation reports and letters to file for pushing a student and verbally abusing her students. See Pl. Memo at 25; see McPherson, 457 F.3d at 215. Plaintiff's speculation and subjective disagreement with the facts set forth in her unfavorable classroom observation reports and letters to file are insufficient to establish pretext.

As to the two observation reports, Defendants submitted admissible evidence justifying her poor ratings. See Def. 56.1, ¶¶ 110-130. Plaintiff concedes that both these observations occurred as documented, but disagrees they warranted poor ratings. See Pl. Memo at 25. Such disagreement is insufficient to raise an issue of fact. See Valentine v. Standard & Poor's, 50 F. Supp. 2d 262 (S.D.N.Y. 1999)(mere subjective disagreement with employer's performance reviews is not a viable basis for a discrimination claim).

Further, the two letters to Plaintiff's file are supported by Plaintiff's own statements as well as student witness statements. See Def. 56.1, ¶¶ 131-153. As to the May 17, 2017, letter, Plaintiff does not dispute that she pushed a student in her care, but argues that since she had a clean disciplinary record before this incident she should not have received a letter to her file. See Pl. Memo at 26. Plaintiff likewise argues that her clean record should have prevented Principal Mercedes from issuing the second letter for verbally abusing her students. Id.

Enforcing the pedagogical standards and employment regulations of the DOE are legitimate non-discriminatory reasons for rating Plaintiff poorly and issuing letters to her file for

violating those standards and regulations. See McPherson, 457 F.3d at 216. All four of these documents outline pedagogical standards that Plaintiff was deficient in and the Chancellor's Regulations that Plaintiff violated. See Def. 56.1, ¶¶ 109-153. There is no evidence that Principal Mercedes fabricated these instances, Plaintiff merely disagrees the Principal's determination based on the evidence, which does not establish pretext. See McPherson, 457 F.3d at 216. Plaintiff's failure to raise pretext requires the dismissal of her discrimination claims, in turn.

### D. Hostile Work Environment And Constructive Discharge Claims.

Plaintiff merely reiterates her dissatisfaction with her two negative performance evaluations and the two letters to her file as evidence that she has established her hostile work environment claims. See Pl. Memo at 26-27. These conclusory allegations are grossly insufficient to defeat summary judgment. Holcomb, 521 F.3d at 137; Major League Baseball Props., 542 F.3d at 310. Even considering this argument, heavily criticizing an employee for their poor performance and disciplining an employee for violating the employer's rules and regulations do not meet the sever and pervasive standard of a hostile work environment claim under Title VII or the ADEA. See Littlejohn v. City of New York, 795 F.3d 297, 321 (2d Cir. 2015); Isbell v. City of New York, 316 F. Supp. 3d 571, 591-92 (S.D.N.Y. 2018).

As explained in Point II (B) and (C), above, Plaintiff concedes that she engaged in all of the conduct documented in these reports and letters. Plaintiff cites to a list of individuals that she asserts were treated similarly to her, but fails to provide any evidence in support of her assertions. See Pl. Memo at 26-27.  In a glaring omission, Plaintiff does not cite to any younger, Hispanic teacher who engaged in similar conduct as to Plaintiff and was treated more favorably than Plaintiff. Thus, Plaintiff's hostile work environment claims must be dismissed.

Finally, Plaintiff mentions the term "constructive discharge," but fails to address any of the Defendants' arguments concerning this claim. See Pl. Memo at 26-27. This includes

Defendants' argument that Plaintiff's constructive discharge claim is barred as she chose to retire rather than face the alleged N.Y. Educ. L. § 3020(a) charges brought against her. See Def. MOL at 21-23. Thus, Plaintiff has abandoned her constructive discharge claims and they must be dismissed. See Lipton v. Cnty of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004).

## POINT III

### NO TRIABLE ISSUES OF FACT FOR ANY OF PLAINTIFF'S RETALIATION CLAIMS.

In her opposition, Plaintiff argues that she has established her retaliation claim as after she retired and dual filed her EEOC and SDHR charge on July 11, 2017, Defendants sent Plaintiff "disciplinary notices in May 2018." See Pl. Memo at 28. Where an employer takes actions against a former employee, courts in this circuit have held that the "[f]ormer employee[] can sue for retaliation insofar as they are complaining of retaliation that impinges on future employment prospects or otherwise has a nexus to employment." Harewood v. New York City Dep't of Educ., No. 18 Civ. 5487 (KPF)(KHP), 2019 U.S. Dist. LEXIS 78872 at *28 (S.D.N.Y. May 8, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 89672 (S.D.N.Y. May 29, 2019)(collecting cases). Here, Plaintiff fails to point to any nexus between these notices and her current or future employment. See Pl. Memo at 27-28. There is none.

Moreover, assuming, *arguendo*, that the May 2018 notices constituted adverse actions, the *eleven months* between her July 2017 SDHR/EEOC charge and receipt of the May 2018 notices is far too attenuated to establish the necessary causal connection as a matter of law. See Preuss v. Kolmar, 970 F. Supp. 2d 171 (S.D.N.Y. 2013)("passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation.")(collecting cases). Therefore, Plaintiff retaliation claims fail and must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for summary judgment in its entirety, deny all relief requested by Plaintiff, enter judgment for Defendants, and grant Defendants costs, fees, and disbursements together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 7, 2020

                                       **JAMES E. JOHNSON**
                                       Corporation Counsel of the
                                         City of New York
                                       Attorney for Defendants
                                       100 Church Street, Room 2-138
                                       New York, New York 10007-2601
                                       (212) 356-1654

By:         /s/_____
               Isaac S. Baskin
          Assistant Corporation Counsel

**IVÁN A. MÉNDEZ, JR.,**
**ISAAC S. BASKIN,**
  Of Counsel

- 11 -